**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LADON A. STEPHENS,<br><br>           Petitioner-Appellant,<br><br>  v.<br><br>JOHN MYRICK,<br><br>           Respondent-Appellee. | No.   18-35351<br><br>D.C. No. 2:14-cv-01808-AC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted June 3, 2020[**]
Portland, Oregon

Before: BERZON and COLLINS, Circuit Judges, and CHOE-GROVES,[***] Judge.

Petitioner LaDon A. Stephens appeals the denial of his petition for a writ of

habeas corpus under 28 U.S.C. § 2254. The appeal presents only one issue:

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jennifer Choe-Groves, Judge for the United States Court of International Trade, sitting by designation.

"whether trial counsel rendered ineffective assistance by conceding that appellant was guilty of assault and that the elements of other charges had been established." Certificate of Appealability, Dkt. 2. Because we conclude that Stephens' trial counsel did not concede his guilt, and that his closing argument, even if ineffective, was not prejudicial, we deny the petition.

1. Trial counsel's closing argument did not concede Stephens' guilt. The challenged statement includes qualifications that make clear counsel was suggesting only one possible explanation for the physical evidence, that counsel "d[id]n't know" what happened, "but it certainly didn't come down quite the way the State says it came down." The surrounding argument makes even clearer that there was no concession of Stephens' guilt. Counsel's closing argument specifically challenged each piece of evidence supporting Stephens' guilt of attempted murder, rape, burglary, and assault of L.B. The statement at issue addressed two key pieces of physical evidence: first, L.B.'s blood and Stephens' semen was found on Stephens' shorts, and second, both L.B. and Stephens sustained injuries consistent with L.B.'s testimony about fighting Stephens, whom she identified as her attacker. Counsel suggested a possible, non-criminal explanation to account for this evidence—a consensual but "rough" sexual encounter. Before, during, and after the challenged statements, trial counsel argued that "there is reasonable doubt to believe this happened just in the way the State

2

said it happened." The argument as a whole was not a concession that the State had proved the charges in whole or in part.

2. Stephens is therefore incorrect that under *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), he need not show prejudice. In *McCoy*, an attorney unambiguously conceded his client's guilt at the guilt phase of a capital trial over the client's objections, telling "the jury the defendant 'committed three murders . . . [H]e's guilty.'" *Id*. at 1505 (alteration in original). *McCoy* held that such a "[v]iolation of a defendant's Sixth Amendment-secured autonomy" was structural error not subject to harmless-error review. *Id*. at 1511. There was no autonomy violation here. Trial counsel repeatedly held the State to its burden, arguing throughout closing and even within the challenged statements that there was reasonable doubt. *McCoy* is thus inapplicable, and Stephens must show prejudice to succeed on his habeas petition.

3. Even if trial counsel was ineffective in the closing argument, Stephens cannot show the requisite prejudice. The challenged statements here, just as in *Hovey*, were "only a few isolated sentences within the entire trial," and "[a]s a whole, counsel's closing argument attempted to expose the deficiencies in the prosecution's case" and "reminded the jury of the government's burden by arguing that reasonable doubt existed." *Hovey v. Ayers*, 458 F.3d 892, 907 (9th Cir. 2006). In light of the considerable evidence of Stephens' guilt, we cannot say that the state

3

post-conviction court's decision was objectively unreasonable in concluding that Stephens did not establish prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); 28 U.S.C. § 2254(d).

AFFIRMED.